# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PROVEN NETWORKS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JUNIPER NETWORKS, INC., <br><br> Defendant. | Case No. 6:21-cv-00305 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST JUNIPER NETWORKS, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Proven Networks, LLC ("Plaintiff" or "Proven Networks") makes the following allegations against Defendant Juniper Networks, Inc. ("Defendant"):

## INTRODUCTION

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Proven Networks, each of which generally relate to data networking technology: United States Patent Nos. 8,018,852 ("'852 Patent"); 8,165,024 ("'024 Patent"); and 8,687,573 (the "'573 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Proven Networks, LLC is a company organized under the laws of the State of California. Proven Networks is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

1

3. On information and belief, Defendant Juniper Networks, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1133 Innovation Way, Sunnyvale, CA 94089. On information and belief, Defendant has a regular and established place of business in this District at 1120 South Capital of Texas Highway, Suite 120, Building 2, Austin, Texas 78746.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant is registered to do business in California, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. On information and belief, Defendant has a regular and established place of business in the District,

including corporate offices at 1120 South Capital of Texas Highway, Suite 120, Building 2, Austin, Texas 78746.[1]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,018,852

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,018,852, titled "Equal-Cost Source-Resolved Routing System and Method." The '852 Patent was duly and legally issued by the United States Patent and Trademark Office on September 13, 2011. A true and correct copy of the '852 Patent is attached as Exhibit 1.

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Junos OS and SRX Series Services Gateways and NFX Series devices running Junos OS, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–18 of the '852 Patent.

10. Defendant also knowingly and intentionally induces infringement of claims 1–18 of the '852 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '852 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '852 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '852 Patent. Defendant does so knowing and intending that its customers and end users will commit

---

[1] *See, e.g.*, *Castlemorton Wireless, LLC v. Juniper Networks, Inc.*, United States District Court for the Western District of Texas, C.A. 6:20-cv-26-ADA (Dkt. No. 28 May 22, 2020).

these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '852 Patent, thereby specifically intending for and inducing its customers to infringe the '852 Patent through the customers' normal and customary use of the Accused Products.

11. The Accused Products satisfy all claim limitations of claims 1–18 of the '852 Patent. A claim chart comparing independent claim 1 of the '852 Patent to the representative Accused Product, the Junos Network Operating System (Junos OS), is attached as Exhibit 2.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '852 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '852 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

14. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '852 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,165,024

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,165,024, titled "Use of DPI to Extract and Forward Application Characteristics." The '024 Patent was duly and legally issued by the United States Patent and Trademark Office on April 24, 2012. A true and correct copy of the '024 Patent is attached as Exhibit 3.

17.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Junos OS with AppSecure suite and SRX Series Services Gateways and NFX Series devices running Junos OS with AppSecure suite, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–25 of the '024 Patent.

18.     Defendant also knowingly and intentionally induces infringement of claims 1–25 of the '024 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '024 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '024 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '024 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '024 Patent, thereby specifically intending for and inducing its customers to infringe the '024 Patent through the customers' normal and customary use of the Accused Products.

19.     The Accused Products satisfy all claim limitations of claims 1–25 of the '024 Patent. A claim chart comparing independent claim 1 of the '024 Patent to the representative

Accused Product, the Junos Network Operating System with AppSecure suite ("Junos OS"), is attached as Exhibit 4.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '024 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '024 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

22. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '024 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,687,573

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,687,573, titled "Allocating Resources Within Communication System." The '573 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2014. A true and correct copy of the '573 Patent is attached as Exhibit 5.

25. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Juniper Networks SRC Policy Engine

and SRC Series software modules with SRC Policy Engine integrated with Juniper Networks routing platforms and security solutions, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–39 of the '573 Patent.

26. Defendant also knowingly and intentionally induces infringement of claims 1–39 of the '573 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '573 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '573 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '573 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '573 Patent, thereby specifically intending for and inducing its customers to infringe the '573 Patent through the customers' normal and customary use of the Accused Products.

27. The Accused Products satisfy all claim limitations of claims 1–18 of the '573 Patent. A claim chart comparing independent claim 1 of the '573 Patent to the representative Accused Product, the SRC Policy Engine, is attached as Exhibit 6.

28. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '573 Patent pursuant to 35 U.S.C. § 271.

29. As a result of Defendant's infringement of the '573 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

30. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '573 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '852 Patent, '024 Patent, and '573 Patent;

b. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant' infringement of the '852 Patent, '024 Patent, and '573 Patent; and

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

e. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 29, 2021	Respectfully submitted,

/s/ Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Proven Networks, LLC***